UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROZ GLASSER,

        Plaintiff,

    v.

THE NATIONAL MARINE FISHERIES SERVICE, et al.,

        Defendants.

CASE NO. C06-0561BHS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

    This matter comes before the Court on Plaintiff's Motion to Compel Completion of the Administrative Record (Dkt. 58). The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file herein and hereby denies Plaintiff's motion for the following reasons.

    This matter is brought pursuant to the Administrative Procedure Act seeking to set aside a final agency action. A reviewing court may set aside agency actions that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. Pursuant to 5 U.S.C. § 706, the Court must consider the "whole record or those parts of it cited by a party" in making its determinations. The "whole record" requires only those "documents and materials directly or indirectly considered by agency decision-makers [including] evidence contrary to the agency's position." *Thompson v. United States Dep't of Labor,* 885 F.2d 551, 555 (9th Cir. 1989). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing

ORDER – 1

court." *Federal Power Comm'n v. Transcontinental Gas Pipe Line Corp.,* 423 U.S. 326, 331 (1976). An agency's designation and certification of the administrative record is entitled to a presumption of administrative regularity which can only be rebutted by the presentation of clear evidence to the contrary. *McCrary v. Gutierrez,* 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007); *see also Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415 (1971).

"Generally, judicial review of agency action is limited to review of the record on which the admistrative decision was based." *Thompson,* 885 F.2d at 555. However, judicial review may be expanded and discovery may be allowed in limited circumstances when (1) it must be determined "whether the agency has considered all relevant factors and explained its decision"; (2) the agency relied on documents not part of the record; (3) "supplementing the record is necessary to explain technical terms or complex subject matter"; or (4) "plaintiffs make a showing of agency bad faith." *Southwest Center for Biological Diversity v. United States Forest Serv.,* 100 F.3d 1443, 1450 (9th Cir. 1996).

Plaintiff has asked for certain documents to be produced that are alleged to have been relied on in Defendant National Marine Fisheries Service's grant of the City of Seattle's request to amend its Federal ESA Section 10 permit. Dkt. 58. Plaintiff appears to be claiming that certain documents that were relied upon in making an agency final decision are not part of the record that was certified to this Court. However, Plaintiff has failed to present clear evidence sufficient to overcome the presumption of administrative regularity that is afforded to the designation and certification of the administrative record provided.

Therefore, it is hereby **ORDERED** that Plaintiff's Motion to Compel Completion of the Administrative Record (Dkt. 58) is **DENIED.**

DATED this 10th day of January, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2